Williams Law Firm, P.C.
Peter B. Ivins
Alexander T. Tsomaya
235 E. Pine, P.O. Box 9440
Missoula, Montana 59807-9440
(406) 721-4350 Fax: (406) 721-6037
peter@wmslaw.com
alex@wmslaw.com
*Attorneys for Defendant*
*Atain Specialty Insurance Company*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| ROD HERRICK and SONYA HERRICK as Trustees of the ROD AND SONYA HERRICK REVOCABLE TRUST, and RODDIE, INC., <br><br> Plaintiffs, <br><br> -vs- <br><br> ATAIN SPECIALTY INSURANCE COMPANY, <br><br> Defendant. | CV <br><br><br> NOTICE OF REMOVAL |

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Atain Specialty Insurance Company ("Atain"), files this Notice of Removal of this case from the Montana Eleventh Judicial District Court, Flathead County. Removal is based on 28 U.S.C. § 1332(a) diversity of citizenship. As demonstrated below, removal is

timely, there is complete diversity of citizenship, and the amount in controversy requirement is met.

## I. THE STATE COURT ACTION AND PLEADINGS

1. On September 28, 2020, Plaintiffs filed suit in the Montana Eleventh Judicial District Court, Flathead County, against Defendant Atain. The action is titled *Rod Herrick and Sonya Herrick as Trustees of the Rod and Sonya Herrick Revocable Trust and Roddie, Inc. v. Atain Specialty Insurance Company,* No. DV-15-2020-871-BC, and pending before Judge Heidi Ulbricht.

2. A copy of the Complaint and Summons was delivered to counsel for Atain, and service was acknowledged on April 20, 2021. As required by 28 U.S.C. § 1446(a), attached as **Exhibit A** are copies of all process, pleadings, and orders served upon Defendant in the removed case. This Notice of Removal is timely filed within 30 days of the date of service on Atain, which for purposes of removal, is when Atain formally acknowledged service. 28 U.S.C. § 1446(b); *see Murphy Bros. v. Michetti Pipe Stringing,* 526 U.S. 344, 348 (1999).

## II. DIVERSITY JURISDICTION EXISTS

### A. There Is Complete Diversity

3. The plaintiffs and the defendant are citizens of different states to satisfy 28 U.S.C. § 1332(a)(1).

4. Plaintiffs Rod Herrick and Sonya Herrick as Trustees of the Rod and Sonya Herrick Revocable Trust, are, upon information and belief, citizens of the

2

State of Montana. Therefore, the Rod and Sonya Herrick Revocable Trust is a citizen of the State of Montana. *See Demarest v. HSBC Bank USA, N.A. as Tr. for registered holders of Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-HE2*, 920 F.3d 1223, 1229 (9th Cir. 2019) ("[A] trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." (citation omitted)); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("A trust has the citizenship of its trustee or trustees.").

5. Plaintiff Roddie, Inc., is, upon information and belief, a California corporation registered with the Secretary of State of Montana and has its primary place of business in Columbia Falls, Montana. Complaint, ¶ 2. It is therefore a citizen of the States of California and Montana. 28. U.S.C. § 1332(c)(1); *see Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

6. Atain Specialty Insurance Company is organized and existing under the laws of the State of Michigan with its principal place of business in Farmington Hills, Michigan. It is therefore a citizen of the State of Michigan under § 1332(c)(1).

7. Complete diversity exists.

    **B.**    **The Amount in Controversy Requirement Is Present**

8. Plaintiff seeks damages exceeding $75,000.00, exclusive of interest and

costs, so the amount in controversy requirement is met. 28 U.S.C. § 1332(a).

9. The Ninth Circuit has "held that 'the amount in controversy . . . 'is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious.'" *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 791 (9th Cir. 2018) (quoting *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018)).

10. Plaintiffs seek payment from Atain for damages caused to a commercial building they own, which is located in Columbia Falls, Montana. Plaintiffs claim that the Commercial Property Policy at issue, No. CIP351013, covers the damages to their building.

11. Where "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds" the jurisdictional requirement. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

12. This, of course, considers only what the plaintiff claims instead of whether the defendant is actually liable. Circuit precedent counsels that "[t]he amounts in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Atain does not concede any of the claimed damages discussed below. But the various categories of damages requested show

the amount in controversy threshold of $75,000 is easily surpassed.

13.     The Commercial Property Policy at issue provides Builder's risk coverage up to $1.4 Million, which is based on the value of the commercial building insured under the policy, subject to the Special Form, terms, conditions, limitations and exclusions endorsed to the policy.

14.     Plaintiffs claim they are entitled to coverage for extensive damages to the commercial building, which allegedly include increasing and expansive cracks in the concrete foundation, Complaint, ¶¶ 10-11; a broken section of the radiant heating system and cracking in the drywall of the office space, *id.*, ¶ 13; and significant roof leaks, *id.*, ¶ 15. The claimed damages, in conjunction with the policy's limit, establish the amount in controversy requirement is met.

15.     Yet the other categories of Plaintiff's claims further illustrate the Court has jurisdiction.

16.     As a corollary to this first-party insurance breach of contract claim, Plaintiffs seek attorney fees. Past *and* "future attorneys' fees should be included in the amount in controversy." *Fritsch*, 899 F.3d at 794.

17.     Montana law provides attorney fees here if Plaintiff is victorious on his allegations, *Mlekush v. Farmers Ins. Exch.*, 404 P.3d 704 (Mont. 2017), which is how the claim is analyzed under the procedural standard set forth *supra*. For instance, the Ninth Circuit has previously affirmed an attorney fee award of 33%

under Montana law in a first-party insurance case. *See Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1008 (9th Cir. 2009); *see also Newman v. United Fire & Cas. Co.*, No. CV 13-47-M-DLC, 2014 U.S. Dist. LEXIS 36335, at *5 (D. Mont. Mar. 19, 2014) (observing *Riordan*).

18.     Plaintiffs also assert a claim for violation of Montana's Unfair Trade Practices Act, Mont. Code Ann. §§ 33-18-201 and 33-18-212, and a claim for punitive damages. Complaint, ¶¶ 23, 26; Prayer for Relief, ¶ 2. Plaintiff's statutory UTPA claims and accompanying punitive damages demand additionally establish the amount in controversy easily exceeds the $75,000 mark. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376-77 (9th Cir. 1997) (insurance bad faith claim considered for amount in controversy purposes); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

19.     For the UTPA claim, a sister district within the Ninth Circuit recently explained that "an award of tort damages at least twice the amount of contract damages is a reasonable estimate for determining the amount in controversy in an insurance bad faith case." *Treon v. Aetna Life Ins. Co.*, No. CV-20-00529-PHX-JJT, 2020 U.S. Dist. LEXIS 87731, at *9 (D. Ariz. May 19, 2020).

20.     As to the punitive damages claim, a "defendant may introduce evidence of jury verdicts in cases involving analogous facts." *Simmons v. PCR Tech.*, 209 F.

6

Supp. 2d 1029, 1033 (N.D. Cal. 2002). In a first-party insurance case arising in the District of Montana, the Ninth Circuit recently ordered "the district court to remit the punitive damages award to $1,064,282.44" where with the policy limits were much less. *King v. GEICO Indem. Co.*, 712 F. App'x 649, 651 (9th Cir. 2017).

21. Though Atain disputes and disagrees with Plaintiffs' allegations, Plaintiffs' UTPA and punitive damages claims show that his case far exceeds the amount in controversy requirement of $75,000. Indeed, those allegations alone would be sufficient alone to meet the amount in controversy requirement.

22. The amount in controversy exceeds the jurisdictional minimum. This case involves a $1.4 million policy limit, and allegations that that damages to a commercial building's foundation and hearing system are covered. Plaintiffs likewise tack on UTPA and punitive damages theories and request payment of their past and future attorney fees. For all these reasons, the amount in controversy exceeds $75,000, exclusive of interest and costs.

III.   **REMOVAL IS APPROPRIATE**

23. Based on complete diversity of citizenship and the amount in controversy, this Court has jurisdiction under 28 U.S.C. § 1332. Removal is proper pursuant to 28 U.S.C. § 1441(a), and, according to §§ 106 and 1446(a), and Local Rule 1.2(c)(1), it is to the district court of the United States for the district and division embracing the place of the state action. Atain is filing its Notice of

7

Removal in the Eleventh Judicial District Court 28 U.S.C. § 1446(d). A copy of the notice that will be filed is attached as **Exhibit B**.

May 11, 2021                    Respectfully submitted,

                                          Williams Law Firm, P.C.

                                        */s/ Peter B. Ivins*
                                        Peter B. Ivins
                                        Alexander T. Tsomaya

                                        *Attorneys for Defendant*
                                        *Attain Specialty Ins. Co.*