FILED
09/28/2020
Peg L. Allison
CLERK
Flathead County District Court
STATE OF MONTANA
By: Michelle Davis
DV-15-2020-0000871-BC
Ulbricht, Heidi J
1.00

Brian M. Joos
VISCOMI, GERSH,
SIMPSON & JOOS, PLLP
121 Wisconsin Avenue
Whitefish, MT 59937
(406) 862-7800

Attorneys for Plaintiffs

## MONTANA ELEVENTH JUDICIAL DISTRICT COURT
## FLATHEAD COUNTY

| | |
|---|---|
| ROD HERRICK and SONYA HERRICK as Trustees of the ROD AND SONYA HERRICK REVOCABLE TRUST, and RODDIE, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> ATAIN SPECIALTY INSURANCE COMPANY. <br><br> Defendant. | Cause No. _____ <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW the Plaintiffs Rod Herrick and Sonya Herrick, as Trustees of the Rod and Sonya Herrick Revocable Trust, and Roddie, Inc. (collectively hereinafter, "Roddie"), by and through their undersigned counsel, and file a Complaint against Defendant Atain Specialty Insurance Company as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

1. The Rod and Sonya Herrick Revocable Trust owns real property located in Flathead County, Montana, commonly known as 4457 Trumble Creek Road, Columbia Falls, MT 59912 and legally described as follows:

Tract 1 of Certificate of Survey No. 20530, situated, lying and being in the Southwest Quarter (SW1/4) of Section 11, Township 30 North, Range 21 West, P.M.M., Flathead County, Montana.

(hereinafter, the "Property")

2. Roddie, Inc. is a California corporation registered with the Secretary of State of Montana and authorized to do business in Montana, with its primary place of business on the Property, which is located in Columbia Falls, Flathead County, Montana.

3. Defendant Atain Specialty Insurance Company (hereinafter, "Atain") is a Michigan Corporation which sells insurance policies to Montana residents in the State of Montana.

4. Roddie desired to have a manufacturing facility and showroom (hereinafter, the "Building") constructed on the Property.

5. Atain issued and sold to Roddie a Commercial Property Policy (CIP351013) (hereafter, the "Policy").

6. The Policy covered losses to the Building, and was in effect at the time the losses to the Building described in this Complaint occurred.

7. Roddie first hired R Porch Construction Inc. ("Porch") to act as general contractor for construction the Building. Porch began construction on the Building, and performed, or supervised the performance of as general contractor, the compaction beneath the Building.

8. When Porch left the job, Roddie hired Big Mountain Builders, LLC ("Big Mountain") and DBCS, LLC ("DBCS") to act as general contractor. Big Mountain and/or DBCS, as general contractor, supervised the pouring of the Building's concrete floor.

9. Countryside Builders, Inc., hired as a subcontractor by Big Mountain and/or DBCS, poured the Building's concrete floor.

10. Roddie moved into the Building in October of 2018, and almost immediately began to notice cracks in the concrete floor.

11. The cracks continue to increase in number and to expand in volume as the concrete floor moves and shifts.

12. The cracks have caused Roddie's sensitive manufacturing equipment, which must be level and calibrated when in operation, to require constant re-leveling and re-calibration.

13. The cracks have broken a section of the radiant heat, and caused cracking in the drywall of the office space located in the Building.

14. The cracks are also unsightly, frustrating Roddie's intended use of the Building as a showroom for Roddie's business and products.

15. In addition, significant roof leaks have occurred.

16. The Court has jurisdiction over this matter and venue is appropriate here because this dispute concerns claims related to the Building, which is located on real property in Flathead County, Montana; and because Atain insured the Building through an insurance policy issued in Flathead County, Montana and to be performed in Flathead County, Montana.

## COUNT ONE
### Breach of Contract

17. Roddie hereby incorporates by reference all previous allegations contained in this Complaint into this Count.

18. Atain entered into an insurance contract with Roddie which covered damages to the Building as evidenced by the Policy.

19. When damages to the building occurred, Atain breached its insurance contract with Roddie by refusing to provide the coverage it agreed to provide in the insurance contract.

20. This breach caused damages to Roddie in amounts to be proven at trial, and Roddie is entitled to a judgment against Atain for its damages.

## COUNT TWO
### Illusory Coverage / UTPA Violations
### (against Atain)

21. Roddie hereby incorporates by reference all previous allegations contained in this Complaint into this Count.

22. Atain collected a premium from Roddie for the Policy.

23. Atain violated Montana law, including but not limited to §§ 33-18-201 and 33-18-212, MCA, when damages to the Building occurred, but Atain failed to provide the insurance coverage under the Policy for which Roddie had paid a premium.

24. Attain included in the Policy exclusions which purported to eliminate so much of the coverage that otherwise would have existed under the Policy's insuring clauses that the coverage would be worthless or practically worthless were the exclusions to be enforced.

25. These purported exclusions violate the Illusory Coverage Doctrine, and are otherwise unconscionable and unenforceable.

26. Additionally, Atain has failed to respond to claims communications in violation of the UTPA, thereby forcing its insured to file this lawsuit.

27. Roddie is therefore entitled to a judgment that coverage under the Policy for the damages to the Building does exist, and a judgment against Atain for the amount of its damages, to be proven at trial.

## DEMAND FOR JURY TRIAL

Roddie hereby demands a trial by jury on all counts for which they are so entitled.

WHEREFORE, the Roddie prays for judgment against Defendants as follows:

1. For a judgment against Defendants, jointly and severally, in the amount of damages proven at trial;
2. For punitive damages;
3. For costs, attorney fees and disbursements;
4. For pre-judgment and post-judgment interest at 10% per annum; and
5. For such other and further relief as is appropriate.

DATED this 28th day of September, 2020.

                                                VISCOMI, GERSH,
                                              SIMPSON & JOOS, PLLP

                                              By: /s/ Brian M. Joos
                                                   Brian M. Joos
                                                   Attorneys for Plaintiffs

Brian M. Joos
VISCOMI, GERSH,
SIMPSON & JOOS, PLLP
121 Wisconsin Avenue
Whitefish, MT 59937
(406) 862-7800

Attorneys for Plaintiffs

MONTANA ELEVENTH JUDICIAL DISTRICT COURT
FLATHEAD COUNTY

| ROD HERRICK and SONYA HERRICK as Trustees of the ROD AND SONYA HERRICK REVOCABLE TRUST, and RODDIE, INC., | Cause No. DV-15-2020-0000871-BC |
|---|---|
| Plaintiffs, | Judge Heidi J Ulbricht |
| vs. | **SUMMONS** |
| ATAIN SPECIALTY INSURANCE COMPANY. | |
| Defendant. | |

TO: ATAIN SPECIALTY INSURANCE COMPANY:

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (or 42 days if you are the State of Montana, a state agency, or a state officer or employee), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Montana Rules of Civil Procedure. Do not include the day you were served in your calculation of time. The answer or motion must be served on the Plaintiffs' attorney, whose name and address is listed above. If you

fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must also file your answer or motion with the court.

Witness my hand and the seal of said court this ___29___ day of _September_, 2020.

Peg L. Allison
CLERK OF COURT

*Michelle Davis*

Brian M. Joos
VISCOMI, GERSH,
SIMPSON & JOOS, PLLP
121 Wisconsin Avenue
Whitefish, MT 59937
(406) 862-7800

Attorneys for Plaintiff

MONTANA ELEVENTH JUDICIAL DISTRICT COURT
FLATHEAD COUNTY

ROD HERRICK and SONYA HERRICK as Trustees of the ROD AND SONYA HERRICK REVOCABLE TRUST, and RODDIE, INC.,

       Plaintiffs,

vs.

ATAIN SPECIALTY INSURANCE COMPANY.

       Defendant.

Cause No. DV-15-2020-0000871-BC

Judge: Hon. Heidi J. Ulbricht

**NOTICE AND ACKNOWLEDGEMENT**

TO: ATAIN SPECIALTY INSURANCE COMPANY c/o its attorney Peter B. Ivins, WILLIAMS LAW FIRM, PC, 235 East Pine., P.O. Box 9440, Missoula, MT 59807-9440:

**Why are you getting this?**

A lawsuit has been filed against you, or the entity or entities you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you acknowledge and waive formal service of a summons by signing and returning the enclosed acknowledgment and waiver. To avoid these expenses, you must return the signed acknowledgment and waiver. Two copies of the acknowledgment and waiver are enclosed, along with a stamped, self-addressed envelope, or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed acknowledgment and waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 21 days (42 days if you are the State of Montana, a state agency, or a state officer or employee sued in an official capacity) from the date you sign the acknowledgment and waiver to answer the complaint.

If you do not return the signed acknowledgment and waiver, I will arrange to have the summons and complaint served on you, or the entity or entities you represent, and I will ask the court to require you, or the entity or entities you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

DATED this 30th day of March, 2021.

> VISCOMI, GERSH,
> SIMPSON & JOOS, PLLP
>
>
> By: /s/ Brian M. Joos
> Brian M. Joos
> Attorneys for Plaintiffs

Duty to Avoid Unnecessary Expenses of Serving a Summons

    Rule 4 of the Montana Rules of Civil Procedure has a provision to avoid the unnecessary expenses of serving a summons and complaint. A defendant who fails to return a signed acknowledgment and waiver of service requested by a plaintiff will be required to pay the expenses of service, unless the defendant shows good cause for the failure.
    "Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.
    If the acknowledgment and waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.
    If you waive service, then you must, within the time specified on the acknowledgment and waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.

FILED
09/28/2020
Peg L. Allison
CLERK
Flathead County District Court
STATE OF MONTANA
By: Michelle Davis
DV-15-2020-0000871-BC
Ulbricht, Heidi J
1.00

Brian M. Joos
VISCOMI, GERSH,
SIMPSON & JOOS, PLLP
121 Wisconsin Avenue
Whitefish, MT 59937
(406) 862-7800

Attorneys for Plaintiffs

## MONTANA ELEVENTH JUDICIAL DISTRICT COURT
## FLATHEAD COUNTY

| | |
|---|---|
| ROD HERRICK and SONYA HERRICK as Trustees of the ROD AND SONYA HERRICK REVOCABLE TRUST, and RODDIE, INC., <br><br>Plaintiffs, <br><br>vs. <br><br>ATAIN SPECIALTY INSURANCE COMPANY. <br><br>Defendant. | Cause No. _____ <br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW the Plaintiffs Rod Herrick and Sonya Herrick, as Trustees of the Rod and Sonya Herrick Revocable Trust, and Roddie, Inc. (collectively hereinafter, "Roddie"), by and through their undersigned counsel, and file a Complaint against Defendant Atain Specialty Insurance Company as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. The Rod and Sonya Herrick Revocable Trust owns real property located in Flathead County, Montana, commonly known as 4457 Trumble Creek Road, Columbia Falls, MT 59912 and legally described as follows:

       Tract 1 of Certificate of Survey No. 20530, situated, lying and being in the Southwest Quarter (SW1/4) of Section 11, Township 30 North, Range 21 West, P.M.M., Flathead County, Montana.

       (hereinafter, the "Property")

2. Roddie, Inc. is a California corporation registered with the Secretary of State of Montana and authorized to do business in Montana, with its primary place of business on the Property, which is located in Columbia Falls, Flathead County, Montana.

3. Defendant Atain Specialty Insurance Company (hereinafter, "Atain") is a Michigan Corporation which sells insurance policies to Montana residents in the State of Montana.

4. Roddie desired to have a manufacturing facility and showroom (hereinafter, the "Building") constructed on the Property.

5. Atain issued and sold to Roddie a Commercial Property Policy (CIP351013) (hereafter, the "Policy").

6. The Policy covered losses to the Building, and was in effect at the time the losses to the Building described in this Complaint occurred.

7. Roddie first hired R Porch Construction Inc. ("Porch") to act as general contractor for construction the Building. Porch began construction on the Building, and performed, or supervised the performance of as general contractor, the compaction beneath the Building.

8. When Porch left the job, Roddie hired Big Mountain Builders, LLC ("Big Mountain") and DBCS, LLC ("DBCS") to act as general contractor. Big Mountain and/or DBCS, as general contractor, supervised the pouring of the Building's concrete floor.

9. Countryside Builders, Inc., hired as a subcontractor by Big Mountain and/or DBCS, poured the Building's concrete floor.

10. Roddie moved into the Building in October of 2018, and almost immediately began to notice cracks in the concrete floor.

11. The cracks continue to increase in number and to expand in volume as the concrete floor moves and shifts.

12. The cracks have caused Roddie's sensitive manufacturing equipment, which must be level and calibrated when in operation, to require constant re-leveling and re-calibration.

13. The cracks have broken a section of the radiant heat, and caused cracking in the drywall of the office space located in the Building.

14. The cracks are also unsightly, frustrating Roddie's intended use of the Building as a showroom for Roddie's business and products.

15. In addition, significant roof leaks have occurred.

16. The Court has jurisdiction over this matter and venue is appropriate here because this dispute concerns claims related to the Building, which is located on real property in Flathead County, Montana; and because Atain insured the Building through an insurance policy issued in Flathead County, Montana and to be performed in Flathead County, Montana.

## COUNT ONE
**Breach of Contract**

17. Roddie hereby incorporates by reference all previous allegations contained in this Complaint into this Count.

18. Atain entered into an insurance contract with Roddie which covered damages to the Building as evidenced by the Policy.

19. When damages to the building occurred, Atain breached its insurance contract with Roddie by refusing to provide the coverage it agreed to provide in the insurance contract.

20. This breach caused damages to Roddie in amounts to be proven at trial, and Roddie is entitled to a judgment against Atain for its damages.

## COUNT TWO
### Illusory Coverage / UTPA Violations
### (against Atain)

21. Roddie hereby incorporates by reference all previous allegations contained in this Complaint into this Count.

22. Atain collected a premium from Roddie for the Policy.

23. Atain violated Montana law, including but not limited to §§ 33-18-201 and 33-18-212, MCA, when damages to the Building occurred, but Atain failed to provide the insurance coverage under the Policy for which Roddie had paid a premium.

24. Attain included in the Policy exclusions which purported to eliminate so much of the coverage that otherwise would have existed under the Policy's insuring clauses that the coverage would be worthless or practically worthless were the exclusions to be enforced.

25. These purported exclusions violate the Illusory Coverage Doctrine, and are otherwise unconscionable and unenforceable.

26. Additionally, Atain has failed to respond to claims communications in violation of the UTPA, thereby forcing its insured to file this lawsuit.

27. Roddie is therefore entitled to a judgment that coverage under the Policy for the damages to the Building does exist, and a judgment against Atain for the amount of its damages, to be proven at trial.

## DEMAND FOR JURY TRIAL

Roddie hereby demands a trial by jury on all counts for which they are so entitled.

WHEREFORE, the Roddie prays for judgment against Defendants as follows:

1. For a judgment against Defendants, jointly and severally, in the amount of damages proven at trial;

2. For punitive damages;

3. For costs, attorney fees and disbursements;

4. For pre-judgment and post-judgment interest at 10% per annum; and

5. For such other and further relief as is appropriate.

DATED this 28th day of September, 2020.

                                VISCOMI, GERSH,
                                SIMPSON & JOOS, PLLP

                                By: /s/ Brian M. Joos
                                        Brian M. Joos
                                        Attorneys for Plaintiffs

Brian M. Joos
VISCOMI, GERSH,
SIMPSON & JOOS, PLLP
121 Wisconsin Avenue
Whitefish, MT 59937
(406) 862-7800

Attorneys for Plaintiff

MONTANA ELEVENTH JUDICIAL DISTRICT COURT
FLATHEAD COUNTY

| | |
|---|---|
| ROD HERRICK and SONYA HERRICK as Trustees of the ROD AND SONYA HERRICK REVOCABLE TRUST, and RODDIE, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> ATAIN SPECIALTY INSURANCE COMPANY. <br><br> Defendant. | Cause No. DV-15-2020-0000871-BC <br><br> Judge: Hon. Heidi J. Ulbricht <br><br> **ACKNOWLEDGEMENT AND WAIVER** |

TO:   ROD HERRICK and SONYA HERRICK as Trustees of the ROD AND SONYA HERRICK REVOCABLE TRUSST, and RODDIE, INC., c/o their attorney Brian M. Joos, VISCOMI, GERSH, SIMPSON & JOOS, PLLP, 121 Wisconsin Avenue, Whitefish, MT 59937:

I have received your request to acknowledge and waive service of a summons, along with a copy of the complaint, two copies of this acknowledgment and waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity or entities I represent, agree to save the expense of serving a summons and the complaint in this case.

I understand that I, or the entity or entities I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service of a summons.

I also understand that I, or the entity or entities I represent, must file and serve an answer or a motion under Montana Rule of Civil Procedure 12 within 21 days (or 42 days if I am signing on behalf of the State of Montana, a state agency, or a state officer or employee) from the date I sign this acknowledgment and waiver form.

**If I fail to do these things, a default judgment will be entered against me or the entity or entities I represent.**

DATED this 20th day of April, 2021.

WILLIAMS LAW FIRM, PC

By: _____
Peter B. Ivins

Representing ATAIN SPECIALTY
INSURANCE COMPANY