FILED
09/28/2020
Peg L. Allison
CLERK
Flathead County District Court
STATE OF MONTANA
By: Michelle Davis
DV-15-2020-0000871-BC
Ulbricht, Heidi J
1.00

Brian M. Joos
VISCOMI, GERSH,
SIMPSON & JOOS, PLLP
121 Wisconsin Avenue
Whitefish, MT 59937
(406) 862-7800

Attorneys for Plaintiffs

# MONTANA ELEVENTH JUDICIAL DISTRICT COURT
# FLATHEAD COUNTY

ROD HERRICK and SONYA HERRICK as Trustees of the ROD AND SONYA HERRICK REVOCABLE TRUST, and RODDIE, INC.,

    Plaintiffs,

vs.

ATAIN SPECIALTY INSURANCE COMPANY.

    Defendant.

Cause No. _____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COME NOW the Plaintiffs Rod Herrick and Sonya Herrick, as Trustees of the Rod and Sonya Herrick Revocable Trust, and Roddie, Inc. (collectively hereinafter, "Roddie"), by and through their undersigned counsel, and file a Complaint against Defendant Atain Specialty Insurance Company as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

1. The Rod and Sonya Herrick Revocable Trust owns real property located in Flathead County, Montana, commonly known as 4457 Trumble Creek Road, Columbia Falls, MT 59912 and legally described as follows:

Tract 1 of Certificate of Survey No. 20530, situated, lying and being in the Southwest Quarter (SW1/4) of Section 11, Township 30 North, Range 21 West, P.M.M., Flathead County, Montana.

(hereinafter, the "Property")

2. Roddie, Inc. is a California corporation registered with the Secretary of State of Montana and authorized to do business in Montana, with its primary place of business on the Property, which is located in Columbia Falls, Flathead County, Montana.

3. Defendant Atain Specialty Insurance Company (hereinafter, "Atain") is a Michigan Corporation which sells insurance policies to Montana residents in the State of Montana.

4. Roddie desired to have a manufacturing facility and showroom (hereinafter, the "Building") constructed on the Property.

5. Atain issued and sold to Roddie a Commercial Property Policy (CIP351013) (hereafter, the "Policy").

6. The Policy covered losses to the Building, and was in effect at the time the losses to the Building described in this Complaint occurred.

7. Roddie first hired R Porch Construction Inc. ("Porch") to act as general contractor for construction the Building. Porch began construction on the Building, and performed, or supervised the performance of as general contractor, the compaction beneath the Building.

8. When Porch left the job, Roddie hired Big Mountain Builders, LLC ("Big Mountain") and DBCS, LLC ("DBCS") to act as general contractor. Big Mountain and/or DBCS, as general contractor, supervised the pouring of the Building's concrete floor.

9. Countryside Builders, Inc., hired as a subcontractor by Big Mountain and/or DBCS, poured the Building's concrete floor.

10. Roddie moved into the Building in October of 2018, and almost immediately began to notice cracks in the concrete floor.

11. The cracks continue to increase in number and to expand in volume as the concrete floor moves and shifts.

12. The cracks have caused Roddie's sensitive manufacturing equipment, which must be level and calibrated when in operation, to require constant re-leveling and re-calibration.

13. The cracks have broken a section of the radiant heat, and caused cracking in the drywall of the office space located in the Building.

14. The cracks are also unsightly, frustrating Roddie's intended use of the Building as a showroom for Roddie's business and products.

15. In addition, significant roof leaks have occurred.

16. The Court has jurisdiction over this matter and venue is appropriate here because this dispute concerns claims related to the Building, which is located on real property in Flathead County, Montana; and because Atain insured the Building through an insurance policy issued in Flathead County, Montana and to be performed in Flathead County, Montana.

## COUNT ONE
### Breach of Contract

17. Roddie hereby incorporates by reference all previous allegations contained in this Complaint into this Count.

18. Atain entered into an insurance contract with Roddie which covered damages to the Building as evidenced by the Policy.

19. When damages to the building occurred, Atain breached its insurance contract with Roddie by refusing to provide the coverage it agreed to provide in the insurance contract.

20. This breach caused damages to Roddie in amounts to be proven at trial, and Roddie is entitled to a judgment against Atain for its damages.

### COUNT TWO
### Illusory Coverage / UTPA Violations
### (against Atain)

21. Roddie hereby incorporates by reference all previous allegations contained in this Complaint into this Count.

22. Atain collected a premium from Roddie for the Policy.

23. Atain violated Montana law, including but not limited to §§ 33-18-201 and 33-18-212, MCA, when damages to the Building occurred, but Atain failed to provide the insurance coverage under the Policy for which Roddie had paid a premium.

24. Attain included in the Policy exclusions which purported to eliminate so much of the coverage that otherwise would have existed under the Policy's insuring clauses that the coverage would be worthless or practically worthless were the exclusions to be enforced.

25. These purported exclusions violate the Illusory Coverage Doctrine, and are otherwise unconscionable and unenforceable.

26. Additionally, Atain has failed to respond to claims communications in violation of the UTPA, thereby forcing its insured to file this lawsuit.

27. Roddie is therefore entitled to a judgment that coverage under the Policy for the damages to the Building does exist, and a judgment against Atain for the amount of its damages, to be proven at trial.

### DEMAND FOR JURY TRIAL

Roddie hereby demands a trial by jury on all counts for which they are so entitled.

WHEREFORE, the Roddie prays for judgment against Defendants as follows:

1. For a judgment against Defendants, jointly and severally, in the amount of damages proven at trial;

2. For punitive damages;

3. For costs, attorney fees and disbursements;

4. For pre-judgment and post-judgment interest at 10% per annum; and

5. For such other and further relief as is appropriate.

DATED this 28th day of September, 2020.

                                      VISCOMI, GERSH,
                                      SIMPSON & JOOS, PLLP

                                      By: /s/ Brian M. Joos
                                            Brian M. Joos
                                            Attorneys for Plaintiffs